# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCEL PINEDA ROJAS, | Civil Action No. 16-9358 (JLL) |
| Petitioner, | |
| v. | OPINION |
| ORLANDO RODRIGUEZ, et al., | |
| Respondents. | |

**LINARES, District Judge:**

Currently before the Court is the petition for a writ of habeas corpus of Petitioner, Marcel Pineda Rojas, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer (ECF No. 2), the Government filed a response to the Petition. (ECF No. 6). Petitioner did not file a reply. For the following reasons, this Court denies the petition without prejudice.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala who entered this country at some point prior to July 2015. (Document 1 attached to ECF No. 6 at 2). On July 24, 2015, Petitioner was convicted of possession of cocaine in the Superior Court of New Jersey, Bergen County. (*Id.*). Following Petitioner's release from custody on that charge, Petitioner was taken into immigration custody on September 8, 2015, and placed into removal proceedings. (*Id.*). On February 16, 2016, an immigration judge ordered Petitioner removed from the United States and denied all of Petitioner's applications for relief from removal. (*Id.* at 3, Document 5 attached to ECF No. 6). Petitioner appealed to the Board of Immigration Appeals, but that appeal was dismissed on June 3, 2016. (Document 7 attached to ECF No. 6). Petitioner thereafter filed a petition for review with the

1

Third Circuit. (Document 1 attached to ECF No. 6 at 3). Petitioner, however, did not file a motion for a stay. (ECF Docket Sheet for Third Circuit Docket No. 16-3043).

In June 2016, immigration officials contacted the Guatemalan consulate and requested that a travel document be issued for Petitioner. (Document 1 attached to ECF No. 6 at 3). The consulate told immigration officials that a travel document would be issued following a decision from the Court of Appeals on Petitioner's petition for review. (*Id.*). On April 11, 2017, the Third Circuit issued an order and opinion dismissing in part and denying in part Petitioner's petition for review. *Pineda-Rojas v. Att'y Gen.*, No. 16-3043, 2017 WL 1325682 (3d Cir. Apr. 11, 2017).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

## B. Analysis

In his petition, Petitioner contends that his continued immigration detention violates Due Process. Because Petitioner is subject to a final order of removal insomuch as the Board of Immigration Appeals dismissed his appeal of his removal order and Petitioner neither sought nor received a stay from the Third Circuit, *see* 8 U.S.C. § 1231(a)(1)(B), Petitioner is currently detained pursuant to 8 U.S.C. § 1231(a), and the propriety of his detention is controlled by the Supreme Court's decision in *Zadvydas*. In *Zadvydas*, the Supreme Court held that, following a final order of removal, the Government is required to detain an alien throughout a ninety-day statutory removal period. 533 U.S. at 683. As the statute further permits the Government to continue to detain aliens beyond that ninety-day period so long as the detention remains "reasonably necessary" to effectuate their removal, the *Zadvydas* Court in turn held that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his detention will be presumed to be reasonable. *Id.* at 701.

An alien detained under § 1231(a) may therefore not challenge his detention under that statute until this six-month presumptive period expires. *Id.* Even after this presumptively reasonable period expires, an alien will not be entitled to relief from immigration detention unless he can "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Alexander v. Att'y Gen.*, 495 F. App'x 274, 276 (3d Cir. 2012) (quoting *Zadvydas*, 533 U.S. at 701). Where an alien makes such a showing, the Government is required to rebut the evidence submitted by the alien and show that the alien's removal is likely in the reasonably foreseeable future in order to establish that the alien's detention remains permissible. *Id.*

3

In this matter, Petitioner has been held for approximately eleven months following the entry of his final order of removal in June 2016. Petitioner provides no evidence other than the length of his detention in support of his assertion that there is no significant likelihood of his removal in the reasonably foreseeable future. Even if this Court were to assume that the length of Petitioner's detention alone is sufficient to provide good reason to believe his removal is not likely in the near future, the Government has more than rebutted that showing by submitting evidence which suggests that the Guatemalan Consulate has been prepared to issue a travel document for the entirety of Petitioner's post-final order detention, and has merely been waiting for the outcome of Petitioner's petition for review before doing so. (Document 1 attached to ECF No. 6).

Because the Third Circuit has now dismissed in part and denied in part Petitioner's petition for review, and Petitioner has neither sought nor received a stay of removal, that impediment to the Consulate's issuance of a travel document no longer exists and a travel document should therefore be forthcoming in the near future. Thus, the record currently before the Court is more than sufficient to rebut any showing Petitioner has made to suggest he is unlikely to be removed in the foreseeable future now that the Third Circuit has ruled upon his petition for review, and Petitioner has thus failed to establish that there is no reasonable likelihood of his removal in the reasonably foreseeable future. Petitioner is therefore not entitled to relief under *Zadvydas* based on the record before the Court, and his petition must be denied without prejudice as result. *Alexander*, 495 F. App'x at 276.

**III. CONCLUSION**

For the reasons expressed above, this Court will deny Petitioner's petition for a writ of habeas corpus (ECF No. 1) without prejudice. An appropriate order follows.

                                              Hon. Jose L. Linares,
                                              United States District Judge

Dated: May __10th__, 2017